**DEERING MILLIKEN, INC., a Corporation, Plaintiff,**

**v.**

**Reed JOHNSTON, as Regional Director of the Eleventh Region of the National Labor Relations Board, Defendant.**

**No. C–69–WS–61.**

United States District Court
M. D. North Carolina,
Winston-Salem Division.

Jan. 18, 1962.

**186**

McLendon, Brim, Holderness & Brooks, Greensboro, N. C., John R. Schoemer, Jr., New York City, for plaintiff.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, James C. Paras, Marion L. Griffin, Attys., National Labor Relations Bd., Washington, D. C., James R. Webster, Regional Atty., Winston-Salem, N. C., for defendant.

WYCHE, District Judge.

The defendant, Reed Johnston, as Regional Director of the Eleventh Region of the National Labor Relations Board, having appealed to the United States Court of Appeals for the Fourth Circuit from the Order and Judgment entered in this cause on 28 April 1961, and said Court of Appeals having filed its Opinion and issued its Mandate dated the 15th day of November 1961, wherein it was ordered and adjudged that the cause be remanded to this Court, "with instructions to modify its order to permit the facts respecting the press release of December 1960 and the merger of Deering Milliken & Co., Inc. into

Cotwool to be made matters of record before the Board, provided, that may be promptly accomplished, and for such further proceedings and orders as may be appropriate and not inconsistent with the opinion" of the Court of Appeals [1]; and whereas said Mandate was filed with this Court on the 17th day of November 1961, and the defendant has requested a hearing to determine what documents should be produced by the plaintiff for its inspection; and a hearing having been held before the undersigned designated judge on 4 January 1962, and the Court having duly considered the Opinion and Mandate of the Court of Appeals in this case, and having heard argument of counsel for the parties concerning additional orders relating to the production of documents, and having considered the documents and written materials submitted in support of the parties' respective positions;

NOW, THEREFORE, upon the Mandate of the United States Court of Appeals for the Fourth Circuit, dated the 15th day of November, 1961, it is hereby

ORDERED, ADJUDGED AND DECREED:

(1) The defendant shall be freed from the restraining and enjoining provisions of the Order of this Court, dated 28 April 1961, to the extent necessary to permit the facts respecting the press release of December 1960 and the merger of Deering Milliken & Co. Inc. into Cotwool to be made matters of record before the Board.

(2) The defendant shall make such facts a matter of record without delay and if a re-opened hearing is to be held before a Trial Examiner of the National Labor Relations Board, such hearing shall commence not later than thirty (30) days after the defendant receives from the plaintiff the records and materials hereinafter designated.

(3) Plaintiff shall promptly furnish to defendant (or in the case of files produced under subparagraph C below shall make available to defendant for inspection at

---

1. Opinion dated October 13, 1961, 295 F.2d 856.

Plaintiff's office) the following documents and records:

A. Minutes of all meetings of the Board of Directors and Stockholders of Deering Milliken & Co. Inc. (herein "Deering Milliken") and The Cotwool Manufacturing Corporation (herein "Cotwool") which relate to the merger of these corporations in 1960, provided that the contents not relating to such merger may be excised from the copies so furnished.

B. Copies of the merger agreements relating to the merger of Deering Milliken and Cotwool (including the merger of Excelsior Mills Inc. and Gayley Mills Corp.).

C. All records, documents and correspondence of Deering Milliken and Cotwool relating to the proposed merger of those corporations, except (1) any correspondence between either of those corporations and their tax attorneys, (2) any financial or other reports prepared by independent public accountants in connection with said proposed merger, and (3) any internal correspondence or memoranda relating to the work of the tax attorneys or independent accountants.

D. A Chart or other statement setting forth the following information: (i) As of December 1, 1959, the corporate structure and organization of Deering Milliken and Cotwool, showing the operating divisions and subsidiaries of each corporation, (ii) as of December 1, 1960, the corporate structure and organization of Deering Milliken, Inc., showing the relation of each of the former Deering Milliken or Cotwool divisions or subsidiaries to Deering Milliken, Inc., and (iii) a list of all officers, directors and executives of each of the three corporations and said divisions or subsidiaries, as of the dates specified.

4. The parties shall enter into a stipulation relating to the ownership of stock in Deering Milliken, Inc., in substantially the form of the stipulation now in the record before the Board respecting the ownership of stock in Deering Milliken and Cotwool.